The subscribing witness has given extraordinary testimony. He swears that he signed the bond, as a witness, *Page 30 
either at the request of Laurence or the obligee; yet he further swears that he neither saw the defendant sign the bond nor heard him acknowledge it, and denies that it was delivered in his presence. From his own admission, his attestation might have been at the request of the defendant; and if the jury so considered it, they might properly infer from it the defendant's acknowledgment of the execution.
Where there is no subscribing witness, or where the subscribing witness swears that he did not see it executed, the deed may be proved by evidence of the handwriting of the party to the bond. Ley v. Ballard, 3 Espin., 173;Fitzgerald v. Elsee, 2 Campb., 635. And in Grellier v. Neale, Peake N.P. Cases, 23, the subscribing witness had been requested to put his name to the deed by one of the parties who had signed it — so, where the person who subscribes as a witness does so without the knowledge or consent of the parties, as in McRaw v. Gentry, 3 Campb., 232. In all these cases the handwriting of the obligor, or his acknowledgment, is the best evidence the nature of the case admits of, and must be submitted to the jury. The judgment of the Superior Court must therefore be
Affirmed.